Gregory Papadopoulos 25-20 30th Rd. 5H, Astoria NY. 11102

Honorable Judge Failla, SDNY
40 Foley sq. New York, NY 10007

**RE: Papadopoulos v Gazes et al. 14-civ-3713**



Your Honor:

I have just received your "Scheduling Order" dated May 28, 2014. I was timely evicted on May 31st., had to move and naturally receipt of my mail was delayed. I am providing some preliminary statement and request a three week extension for appellate briefs if the Court believes additional statements are required..

Pursuant to rule 8006 designation of Bankruptcy record on Appeal has already been done and docketed as SDNY 14-3713 ECF#2. Statement of issues has already been submitted and docketed under AP: Papadopoulos v. Gazes et al. Bankruptcy 13-1506 ECF#45. Statement of issues is attached for this Court's convenience. It is possible that I am misinterpreting rule 8006, however it appears to me that the rule deals with the appealable record and statement of issues and not with appellate briefs.

Nevertheless following are some arguments:

AP: Papadopoulos v Gazes et al. Bankruptcy 13-1506, was a two part complaint: First was seeking damages from the defendants for defrauding the Court with willful misrepresentations and bogus documents intended to unreasonably prolong bankruptcy proceedings. Currently my only two resources are my substantial Net Operating Tax losses and my time. By prolonging Bankruptcy defendants conspired and defrauded the Court to encumber my only two resources. The second was a qui tam complaint intended to recover some estimated $50 billion on behalf of various bankruptcy trustees. The money is known to me to be in the possession of the Fanjul brothers (Caribbean/Palm Beach Mafia boss and under-boss) .

The Honorable Judge Grossman improperly dismissed both complaints without prejudice. First he cited a "filling ban" issued by Judge Preska in 2010 requiring

Page **1** of **6**

leave prior to filling new IFP cases at the Southern District Court. That ban was strictly applicable to the district court and did not apply to bankruptcy court. The original order appears to have been clarified and only applies to IFP cases. This is not an IFP case where more stringent standards are applied. When I filled bankruptcy in 2012 no prior leave was obtained and therefore a precedent was set that leave in Bankruptcy Court was not required. Second a qui tam complaint by statue cannot be dismissed for 60 days and clearly dismissal was premature and inappropriate.

And some background information might be helpful:

I used to be reasonably wealthy residing in three multimillion dollar residences, (5th avenue, Hamptons and Palm Beach) married for 30 years, having 2 Ivy league degrees and running my own financial trading business. Starting with 1997 anything that could go wrong in my life and my family's life would go wrong. My son was harassed, people would refuse to do business with me and my phones were routinely tapped.

In 1998 I offered a $100,000 reward for information. (Exhibit 1 of Motion seeking Injunctive relief ECF#10)

In 2000 my 15 year old trading business was shut down.

In 2001 my wife asked for divorce. In the same year I file my 1st case against the FBI in the SDF (Exhibit 2 of Motion seeking injunctive relief ECF#10).

During the years 2004-2008 I lived mostly in Europe hoping to escape the FBI with no lack.

In 2008 I brought an action in the SDNY 08-12156 against the FBI and Palm Beach Mafia. Within months former FBI Director Freeh fled to Italy and became Italian citizen. The appeal of this case was assigned to a certain 2nd Circuit Judge native of Puerto Rico and dismissal was instantly affirmed.

In 2009 I concluded that the Fanjul brothers were routinely bribing high level FBI officials to destroy my life and the lives of others. I was able to prove that as follows: Starting 2001 I was involved in some 60 federal and state cases. Virtually

every case was assigned to a Judge formerly in criminal justice (such as your Honor) with whom the FBI had worked in the past and could easily influence, or a judge native from the Caribbean who the Fanjuls (exiled Cuban gangsters) could possibly financially entice. (see exhibit 1 of the complaint ECF#1)

In 2011 I spend 3 months in Rikers island and 3 months in a State Mental institution after the Fanjuls paid $500,000 to a local criminal court judge Amaker (native of Puerto Rico).

When I filled 3 actions in the EDNY they were all assigned to a certain Judge native of Puerto Rico. I understand a different interlocutory appeal SDNY 14-mc-0148 is currently being assigned to a certain SDNY Judge native of Puerto Rico.

In 2011 I reviewed the findings of Judge Mark Wolf D Ma. regarding the conspiracy between the FBI and Bulger and Flemmi (Boston gangsters) and as a reasonable man concluded that FBI-Gangster conspiracies are common. In this case in particular, this FBI-Gangster conspiracy controlled the entire Boston narcotics market, won millions in the lottery and every time a whistleblower came forward the FBI advised to kill them and pull out the teeth so the corpses could not be identified.

Starting with 2012 I extensively researched cases that I believed the FBI-Caribbean Mafia was involved. Initially they destroyed the lives of some 300 Palm Beach residents raising about $1 billion. There are remarkable redundant patterns driving residents to divorce, bankruptcy and some to suicide. After this success they went after corporate financial giants such as Intrust of Chicago, Refco, the Madoff investors, MF Global, Lehman, Alaron of Chicago, Peregrine Trading and others. All these firms are currently in bankruptcy in the SDNY or ND of Illinois.

Starting with early 2012 defendants conspired to force me into bankruptcy. Through a creditor Zemon (Palm Beach resident and caporegime with the Mafia) they illegally restrained my only source of income: my SS retirement check.

For two years they, Zemon and the Trustee, routinely defrauded the Court claiming that I was hiding $20 million and that lengthy discovery would uncover the money. They obtained unreasonable discovery orders by convincing Judge

Peck that I was an "evil genius". When no money was found and eviction proceedings commenced Judge Peck in open court "blasted out" Zemon and his Lawyer Press saying Zemon v Papadopoulos 12-1907 had become the "elephant in his courtroom". Judge Peck also labeled Zemon and Press as "venomous creatures pursuing a mission impossible". See transcript in 12-1907 from January 30, 2014.

After these comments Judge Peck quit the bench and the case was resigned to a visiting absentee Judge Grossman from Islip NY.

Despite these comments from the bench Zemon and Press with the assistance of the new Judge have now stalled these proceedings for 6 months claiming they wish to submit a motion for summary judgment seeking dismissal pursuant to paragraph 727 of the Bankruptcy code.

Any reasonable person would wander why was Judge Grossman brought into this case from Islip NY. There are 3 Judges seating in the EDNY Brooklyn one subway stop away that could easily have come to assist the courthouse. (Justices Peck and Gropper quit and Justice Lifland passed away). Judge Grossman was selected by the defendants due to his apparent pro-creditor ideology. Reviewing all decisions for the last two and a half years, within a 60 mile radius, in SDNY Manhattan, White Plains, Poughkeepsie, EDNY Brooklyn, Islip, Newark and Bridgeport, only 2 bankruptcy cases have been dismissed by all other Judges combined based on Bankruptcy code 523 or 727. Judge Grossman has dismissed 5, all by himself. This is typical of manipulative FBI litigation intelligence.

<u>This case is not frivolous.</u>

The last paragraph of the "Scheduling Order" seems to imply a prima-facie view by this Court that this case is frivolous. **It is not.** In general a frivolous case is one where the plaintiff could not possible prove his claims in a court of law.

There is a plethora of bogus documents and willful fraudulent misrepresentations made by the defendants that can easily prove "fraud on the court". Furthermore Zemon is judgment and sanctions proof. In 2007 he transferred his house into a trust and changed the structure of his business from a sole-proprietorship to a

partnership. Zemon since 2006 has spend a cummulative $500,000 on the pretext of disputing a $10,000 security deposit refund. Zemon's lifestyle clearly indicates that he does not have $500,000 to waste on frivolous litigation. His attorney Press is clearly financed by the Fanjul brothers and directed by the FBI. His lawyer has knowledge of the fact that his client, the only Mafia member resident of Chicago, was instrumental in steeling from me some $6 million from my Chicago accounts. Whenever there is a discussion about my stolen $6 million Mr. Press blushes, and becomes fidgety and uncomfortable.

The Trustee Gazes is routinely being assigned to cases where the Caribbean Mafia has an interest. Note, Gazes was also assigned as receiver in the SEC v Amerindo Investment Advisors SDNY 05-civ-5231 Judge Sullivan presiding. Alberto Villar a Cuban national and Pepe Fanjul's close friend and partner formed Amerindo Investment Advisors in Panama. He raised $9 billion in the US, forged investors' signatures and pocketed most of the money. He was convicted and sentenced to 10 years. A certain 2nd Circuit Judge native of Puerto Rico released him on appeal after serving just two years. Defendant Tracey Davis appointed Gazes, my trustee, as receiver for Amerindo. Gazes, ironically claims that out of the $9 billion only $42 million could be found. Thanks to that certain 2nd Circuit Judge and Trustee Gazes, Villar is now a free man with $9 billion in his pocket. This is clearly another multibillion dollar heist by the FBI-Caribbean Mafia enterprise.

This Court might argue how can I prove that $50 billion was stolen by the FBI-Caribbean Mafia and is now located in that Cayman Islands. This is very easy. I know how $6 million was stolen from me, I know who has it, and through discovery I can locate it. Furthermore thought discovery I can trace where the $500,000 came that enabled Judge Amaker to purchase a $1 million mansion on a $120,000 salary. (See Papadopoulos v Amaker EDNY 12-3608).

Last this Court should note that this is not a criminal case and I don't have to prove anything. All I need to do is provide sufficient circumstantial evidence to convince a jury to award me substantial damages and at that point after the production during trial of Zemon, Press and Mineeva (a FBI decoy and prostitute with the NYC Fanjul prostitution ring) and the Trustee, the US Attorney General

would have no choice but pursue with my assistance the qui tam complaint. Having lived for 20 years in Palm Beach I know all the members of the Mafia. Having 18 years personal experiences with the Mafia I know all their tricks and practices and I can certainly locate on my own the $17 billion missing from the Madoff investors.

Your Honor, if you believe this case is frivolous, then please answer the question: Why is that after 14 years of litigation against the FBI and the Fanjul brothers I had to live for the last two and a half years just two doors away from former US Attorney General Michael Mukasey at 210 E 68th st. on the 10th floor?

Conclusions

It would take one trial with the testimony of Zemon, Press, Mineeva and the Trustee and it will be the end of the FBI-Caribbean Mafia Enterprise.

In conspiracy cases which are obviously secretive in nature no direct proof is required and circumstantial evidence is sufficient. See American Tobacco v United States 328 US 781, 790 and Glasser v United States 315 US 60, 80.

Oral arguments are requested since routinely the FBI trashes and alters court documents.

Respectfully



Gregory Papadopoulos, 917-754-7979 (Please note change of address)

CC: Ian Gazes 151 Hudson st. New York, NY, 10013
Matthew Press 405 Lexington aven. New York, NY. 10174
Caleb Hays-Deats Ass. US Attorney, 86 Chambers, New York, NY, 10007
Robert Novack, Bressler, 17 State st. New York, NY. 10004

**US BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**          Honorable Judge Grossman, Islip

**IN RE: GREGORY PAPADOPOULOS**                      **INDEX 12-13125**

**AP: GREGORY PAPADOPOULOS Plaintiff**              **INDEX 13-01506**

**V**

**Trustees IAN GAZES, TRACY DAVIS (Personally and Officially) collectively the trustees.**

**FBI NYC Field Office Directors GEORGE VENIZELOS, JANICE FEDERCYK, JOSEPH DEMAREST (Personally and Officially) collectively the FBI**

**ALFONSO FANJUL, JOSE FANJUL, JULIA MINEEVA, RAY ZEMON, MATTHEW PRESS, collectively the Palm Beach/Caribbean Mafia.  Defendants**

                                                                                    **JURY TRIAL DEMANDED**

**STATEMENTS OF ISSUES ON APPEAL AND REQUEST FOR DISTRICT COURT INTERVENTION AND OVERSIGHT**

I wish to appeal to the District Court dismissal of Papadopoulos v. Gazes AP:13-1506 for the following reasons:

1. This case was a Qui Tam Complaint pursuant to 31 USC 3729-3733.  A complaint pursuant to this statue cannot be dismissed in less than 60 days and yet the Court is dismissing it in 50 days.

2. The Bankruptcy Judge is an absentee Judge Grossman from Central Islip NY who never saw or read any of my papers. Filing this case was encouraged by the prior Judge Peck's statements who quit the bench on Jan  31, 2014.

3. Bankruptcy Judge Grossman not only dismisses this case but also wishes to sua sponte impose sanctions for filing this complaint.  Bankruptcy Judge claims that a filing ban (SDNY 10-4882 LAP) requiring prior motion to leave prohibits filing this case and such filing is sanctionable. However main Bankruptcy case 12-13125 was filed without prior leave setting a precedent. All parties including the Court were notified of the existence of the filing ban and acquiescent to proceed with no prior leave in Bankruptcy Court.

4. The SDNY is familiar with numerous cases I filed against the FBI and the Fanjul Brothers of Palm Beach and the Dominican Republic claiming a FBI-Gangster conspiracy. All my cases were dismissed as frivolous and yet for the last 2 years I had no choice but strangely live 3 doors away from former US Attorney General and SDNY Judge Mukasey. (His son defended and convinced Madoff to plead guilty)

5. Through my actions I have been somewhat successful in dismantling the FBI/Fanjul Mafia web and it appears this dismissal and sanctions are retaliatory for my success. As a result of my efforts former FBI Director Freeh and former SDNY Judge became Italian citizen. When he was appointed Trustee for MF Global I insured that he step down. I was instrumental in removing Ms. Tracey Hope Davis Trustee for the 2nd region to a new assignment in the West Coast. I believe I also caused the reappointment of a certain 2nd Circuit Judge to what appears to be a ceremonial appointment.  I believe my work will not be finished until my Qui Tam action recovers some $50 billion and triggers criminal investigation and prosecution of the Fanjul brothers.

5. This action is in the best interest of the public and seeks to recover some $50+ billion that the Fanjuls with the assistance of the FBI stole from innocent people and businesses including $6+ million from the undersigned. I am seeking to recover these funds on behalf of the Trustees for Madoff, Lehman, MF Global, Refco and Papadopoulos in the SDNY and Alaron Trading, Peregrine and Intrust in the ND Il..  The <u>Honorable Judge Rakoff</u> is familiar with the $17 billion missing from the Bernard Madoff investors and I know who has it and I can find it. I know how money is stolen, I know where it goes and I know who gets it. (Alfonso Fanjul and Bernard Madoff were friends in Palm Beach, where I lived for 20 years, and they worked together bilking investors).  The <u>Honorable Judge Sullivan</u> is familiar with the $9 billion missing from Amerindo Investment Advisors and Alberto Vilar and I know who has it and I can probably find most of it. (Alberto Vilar is Pepe Fanjul's best friend and partner). In those and other huge heists the Fanjul brothers are always the common denominator.

6. I have 18 years experience with the practices of the FBI/Fanjul Mafia Enterprise. I have also researched their activities and practices for 8 years.  I am reasonably certain that as a result of this Qui Tam complaint the presiding Judge in my bankruptcy case the Honorable Judge Peck quit the bench. I am also reasonably certain that the Fanjul brothers caused the death of the Honorable Bankruptcy Judge Lifland presiding over the Madoff case.

7. Last the question before this Court is the assignment of my case to the Honorable Judge Grossman Bankruptcy Judge in the EDNY Central Islip division. Is it proper? If the SDNY Bankruptcy Court was shorthanded why wasn't a Judge from EDNY Brooklyn one subway stop away brought in to assist? Can a creditor of the next Lehman or General Motors case, filed in the SDNY Bankruptcy Court bring his friendly judge from Buffalo to preside? More specifically the question is whether a Bankruptcy Judge commissioned in Burlington or Buffalo for example, culturally adaptable and competent to handle the complexities of the cases routinely handled in the SDNY bankruptcy court? Does such an assignment tends to undermine the public's confidence in the Court system? I believe it does.

Given the circumstances I wish to appeal dismissal of Papadopoulos v Gazes et al AP:13-1506 and request District Court intervention and oversight in my Bankruptcy case 12-13125

May 5, 2014

Plaintiff:

Gregory Papadopoulos, 210E68, 10K, New York. 10065, 917-754-7979

Defendants:

Ian Gazes 151 Hudson st. New York, NY, 10013
Matthew Press 405 Lexington aven. New York, NY. 10174
Caleb Hays-Deats Ass. US Attorney, 86 Chambers, New York, NY, 10007
Robert Novack, Bressler, 17 State st. New York, NY. 10004