USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 12, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

GREGORY PAPADOPOULOS,

                Appellant,

v.

IAN GAZES, *et al.*,

                Appellees.

------------------------------------------------------X

14 Civ. 3713 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

      Appellant Gregory Papadopoulos is a prolific filer in the courthouses of this Circuit, and is indeed subject to a filing ban in this District. Nonetheless, on July 18, 2012, Papadopoulos filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and on September 12, 2013, he commenced an adversary proceeding. That adversary proceeding alleged precisely the same claims he has unsuccessfully raised dozens of times before, against precisely the same defendants. Papadopoulos now appeals from the April 15, 2014 judgment of the United States Bankruptcy Court, which dismissed his adversary complaint as factually frivolous, and further found that the complaint failed to state a claim upon which relief could be granted. For the reasons discussed in the Opinion, the Bankruptcy Court's decision is affirmed in all respects.

## BACKGROUND[1]

### 1. Proceedings Before the Bankruptcy Court

On July 18, 2012, Appellant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. *See In re Papadopoulos*, No. 12-13125 (REG) (Bankr. S.D.N.Y.). On September 12, 2013, he commenced an adversary proceeding by filing a complaint (the "Complaint") against Ian J. Gazes, Tracy Davis, George Venizelos, Janice Fedarcyk, Joseph Demarest, Alfonso Fanjul, Jose Fanjul, Julia Mineeva, Ray Zemon, and Matthew Press (collectively, "Appellees")[2]; the proceeding was assigned Adversary Proceeding No. 13-01506, and it alleged claims under the United States Bankruptcy Code, the United States Internal Revenue Code, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Federal Tort Claims Act ("FTCA"), and *Bivens* v. *Six Unknown Named Agents*, 403 U.S. 388 (1971). (No. 13-01506, Dkt. #1). Appellant's claims in the adversary proceeding, as with his prior lawsuits, arose from his contentions that (i) "there exists a criminal organization known as the Palm Beach Mafia operated by Alfonso and Jose Fanjul"; (ii) "the FBI corruptly collaborated and conspired with the Palm Beach Mafia"; (iii) "the conspiracy was financed by the Fanjul Brothers with funds

---

[1] The following facts are taken from the record on appeal, which consists of the filings in the adversary proceeding (docketed as No. 13-01506), as well as the papers submitted in connection with the appeal. The Court will also refer to the filings in the bankruptcy proceeding (docketed as No. 12-13125), from which the adversary proceeding arises; that action is currently on appeal before United States District Judge Edgardo Ramos. (*See Papadopoulos* v. *Gazes*, No. 14 Civ. 4750 (ER) (S.D.N.Y., filed May 14, 2014)).

[2] Venizelos is the Assistant Director in Charge of the FBI's New York Field Office; Fedarcyk and Demarest are former occupants of that same post.

stolen from Lehman, MF Global, and the Madoff clients"; (iv) "the FBI and Palm Beach Mafia had motive to target" Appellant; and (v) "this conspiracy somehow le[d] to financial harm suffered" by Appellant, among other allegations. (No. 13-01506, Dkt. #37 at 3-4).

Appellees moved to dismiss the Complaint, and the Bankruptcy Court held a hearing on the motions on April 8, 2014. (*See* No. 13-01506, Dkt. #37). By Order dated April 15, 2014, which incorporated a memorandum decision issued on April 9, 2014, United States Bankruptcy Judge Robert E. Grossman granted Appellees' motions to dismiss, on the basis that the Complaint was factually frivolous and failed to state a claim upon which relief may be granted. (No. 13-01506, Dkt. #37, 38). Separately, Judge Grossman ordered Appellant to show cause as to why he should not be sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011, and for violating this District's filing ban. (*See* No. 12-13125, Dkt. #118).

By Opinion and Order dated May 27, 2014, Judge Grossman declined to enter sanctions, finding that the dismissal of the Complaint, and issuance of the decision on the Order to Show Cause, sufficiently sanctioned and served to deter Appellant's conduct. (No. 12-13125, Dkt. #126). However, Judge Grossman noted that "the Court will deem his submission of any further pleadings and papers before this Court containing the same frivolous factual allegations regarding a purported conspiracy between the FBI, Palm Beach Mafia and others to have been done in bad faith," and that such action may result in sanctions. (*Id.* at 11-12). Moreover, Judge Grossman warned

3

Appellant that the filing ban was applicable to the filing of adversary proceedings in the Bankruptcy Court. (*Id.*).

## 2.     The Instant Action

Appellant initiated this action on May 23, 2014 (Dkt. #1), contending that Judge Grossman improperly dismissed the Complaint. He first contended that the filing ban was applicable only to the District Court, and not to the Bankruptcy Court; moreover, since his adversary proceeding was not dismissed immediately upon filing, "a precedent was set that leave in the Bankruptcy Court was not required." (Dkt. #12). Second, Appellant reiterated the same factual allegations in the Complaint regarding the purported conspiracy between the Palm Beach Mafia, the FBI, and various others, including this Court, in support of his contention that "[t]his case is not frivolous." (*Id.*). Lastly, he questioned why the case was assigned to Judge Grossman, who sits in Central Islip. (*Id.*).

Pursuant to the scheduling order endorsed on May 28, 2014 (Dkt. #4), and extended on June 16, 2014 (Dkt. #9), Appellant's brief was filed on June 25, 2014 (Dkt. #12). All Appellees, with the exception of Julia Mineeva,[3] notified the Court that they intended to rest on their submissions to the Bankruptcy Court. (*See* Dkt. #13, 15, 16, 17, 19, 20).

---

[3]     Ms. Mineeva has neither appeared nor filed any documents in connection with this appeal.

By letter dated June 25, 2014 (Dkt. #11), Appellant asked the Court to consider *sua sponte* recusal on the basis of prejudice.  On July 11, 2014 (Dkt. #18), Appellant moved for recusal of the undersigned.

### DISCUSSION

**1.    The *In Forma Pauperis* Application**

The Court must first address Appellant's motion to proceed *in forma pauperis*.  That motion was filed on May 23, 2014, and is hereby GRANTED for the purposes of this Opinion and Order.  (Dkt. #3).

**2.    The Motion for Recusal**

Next, the Court considers Appellant's motion for recusal, which purports to be grounded in 28 U.S.C. § 455(a) and (b)(3), as well as 28 U.S.C. § 144. (Dkt. #18).  Section 455(a) provides that "[a]ny justice, judge, or magistrate … shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(b)(1), in turn, provides that a judge shall disqualify himself where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the … judge's impartiality could reasonably be questioned."  *United States* v. *Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (internal citation omitted).

Appellant questions the undersigned's impartiality in this matter, on the basis of (i) the undersigned's prior employment as an Assistant United States Attorney; (ii) the undersigned's work on the prosecution of Alberto Vilar and

5

others, the appeal from which is captioned *United States* v. *Vilar*, 729 F.3d 62 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2684 (2014); and (iii) the undersigned's purported "connection with Professor [Alan Dershowitz]" while a student at Harvard Law School. (*See generally* Dkt. #18 at 4-5). Such arguments are factually untenable and legally insufficient.

First, Papadopoulos contends that the undersigned's prior experience as a federal prosecutor renders her "the FBI's closest and most faithful friend in the SDNY." (Dkt. #12 at 5). However, Papadopoulos provides no evidentiary support for this sobriquet, nor any reason to believe that the mere fact that the undersigned was a federal criminal prosecutor would cause a reasonable person to question the Court's impartiality in this civil bankruptcy litigation. Second, Papadopoulos similarly fails to demonstrate any basis to believe the undersigned's involvement in the *Vilar* prosecution has any bearing on the instant case. Appellant's allegations, even taken in their most favorable light, merely establish that Vilar's involvement in the events underlying this action was limited to being a "close friend and partner of the Fanjul brothers." (Dkt. #18 at 4-5). Moreover, the undersigned can recall no mention of either of the Fanjul brothers during her work on *Vilar*, and has no personal knowledge of any of the pertinent facts alleged in Appellant's Complaint. Third, the undersigned has no relationship, personal or otherwise, with Mr. Dershowitz. The mere fact that, more than 20 years ago, the undersigned attended a school at which Mr. Dershowitz was a professor, but did not even take a course taught

others, the appeal from which is captioned *United States* v. *Vilar*, 729 F.3d 62 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2684 (2014); and (iii) the undersigned's purported "connection with Professor [Alan Dershowitz]" while a student at Harvard Law School. (*See generally* Dkt. #18 at 4-5). Such arguments are factually untenable and legally insufficient.

First, Papadopoulos contends that the undersigned's prior experience as a federal prosecutor renders her "the FBI's closest and most faithful friend in the SDNY." (Dkt. #12 at 5). However, Papadopoulos provides no evidentiary support for this sobriquet, nor any reason to believe that the mere fact that the undersigned was a federal criminal prosecutor would cause a reasonable person to question the Court's impartiality in this civil bankruptcy litigation. Second, Papadopoulos similarly fails to demonstrate any basis to believe the undersigned's involvement in the *Vilar* prosecution has any bearing on the instant case. Appellant's allegations, even taken in their most favorable light, merely establish that Vilar's involvement in the events underlying this action was limited to being a "close friend and partner of the Fanjul brothers." (Dkt. #18 at 4-5). Moreover, the undersigned can recall no mention of either of the Fanjul brothers during her work on *Vilar*, and has no personal knowledge of any of the pertinent facts alleged in Appellant's Complaint. Third, the undersigned has no relationship, personal or otherwise, with Mr. Dershowitz. The mere fact that, more than 20 years ago, the undersigned attended a school at which Mr. Dershowitz was a professor, but did not even take a course taught

by him, would not cause a reasonable person to question the Court's impartiality.

In sum, Appellant's recusal motion lacks merit because the facts he identifies are unsupported by anything other than his "remote, contingent, [and] speculative" assertions. *Lovaglia*, 954 F.2d at 815 (internal citations omitted). Nor does he point to any extrajudicial conduct that would conceivably demonstrate personal bias or prejudice. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988) ("A determination of bias under [§ 455(b)(1)] must be based on extrajudicial conduct, not conduct arising in a trial setting."). Accordingly, the motion for recusal is denied.

### 3. The Violation of the Filing Ban

Third, the Court must address Appellant's flagrant disregard of this District's filing ban. Appellant admits, with perhaps more pride than the facts warrant, to being a party to "over 60" civil actions in this Circuit; significantly, however, he has been barred from filing actions in this District without prior court permission since 2011, due to his repeated filing of frivolous actions. (Dkt. #12). *See Papadopoulos* v. *Mineeva*, No. 10 Civ. 4882 (S.D.N.Y. Feb. 8, 2011). Undeterred, Appellant initiated the adversary proceeding, as well as this appeal, in addition to a number of other identical actions in this Circuit since that date.

Appellant first contends that the filing ban was inapplicable to proceedings in the Bankruptcy Court. (Dkt. #12 at 1-2).[4] He is incorrect. Further, to the extent Appellant was under any misapprehension at the time the adversary proceeding was filed, he should have been disabused of that notion no later than April 9, 2014, and yet he continued to file documents after that date containing identical factual allegations. (No. 13-01506, Dkt. #37 at 6-9; Dkt. #38). Next, Appellant argues that because his bankruptcy proceedings were not immediately dismissed upon filing in 2012, a "precedent" was established whereby his bankruptcy filings were not subject to the filing ban. (Dkt. #12 at 2). Again, he is incorrect. The simple fact remains that Appellant was obligated to obtain permission prior to filing the Complaint; he did not, and as a result, the Complaint must be dismissed.

Appellant's Complaint — and, more particularly, this appeal from its dismissal — amount to an unsanctioned, and unsanctionable, end-run around this District's filing ban. Though the Bankruptcy Court ultimately dismissed Appellant's adversary proceeding on the merits, it equally could have done so on the basis of Appellant's failure to abide by the filing ban. Accordingly, the appeal is dismissed in all respects on the basis of Appellant's blatant and repeated failure to abide by the District's filing ban.

---

[4]   The Bankruptcy Court determined that Appellant's filing of the adversary proceeding, but not the underlying bankruptcy action, violated the filing ban. (*See* No. 13-01506, Dkt. #37 at 6-7). The Court takes no position concerning that determination.

## 4. The Appeal from the Bankruptcy Court's Dismissal of the Complaint

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts. A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

In general, a district court reviews a "Bankruptcy Court's findings of fact for clear error [and] its conclusions of law *de novo*." *In re Bayshore Wire Products Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) (internal citations omitted); *see also In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2021 (2013) ("Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." (internal citations omitted)).

Appellant appeals from the Bankruptcy Court's dismissal of his adversary proceeding. That decision was based upon the Bankruptcy Court's legal determination that the Complaint's factual allegations were frivolous and failed to state a claim upon which relief may be granted. The Court has conducted a *de novo* review of the record and finds ample support for the Bankruptcy Court's carefully reasoned determination.

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton* v. *Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citation omitted). "[A] finding of factual frivolousness is

9

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," but dismissal under this provision is not appropriate "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

The Court has reviewed the Bankruptcy Court's findings of fact and conclusions of law, and finds them to be correct. The Bankruptcy Court noted that Appellant's factual allegations were wholly incredible, and based upon nothing more than his unsubstantiated statements. (*See* No. 13-01506, Dkt. #37). *See Fitzgerald* v. *First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ("we hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *Ruderer* v. *Dep't of Justice*, 389 F. Supp. 549, 550 (S.D.N.Y. 1974) (dismissing complaint on the basis of frivolous factual allegations and instituting filing ban). The Court agrees. The factual allegations in the Complaint are fanciful, fantastic, and unmoored from reality. Worse yet, they are precisely the same fanciful allegations as have been dismissed time and time again by the courts of this Circuit[5]; on that basis, the Bankruptcy Court properly determined that

---

[5] *See, e.g.*, *Papadopoulos* v. *Amaker*, No. 12 Civ. 3608 (DLI) (RLM), 2013 WL 3226757, at *5 (E.D.N.Y. June 25, 2013) (dismissing complaint, and noting that "many of the factual allegations in [Appellant's] complaint are frivolous, irrational, and, at times, incomprehensible"), *appeal dismissed*, No. 13-2754 (Oct. 8, 2013); *Papadopoulos* v. *Fanjul*, No. 13 Civ. 2456 (DLI) (RLM), 2013 WL 3149455, at *2 (E.D.N.Y. June 19, 2013) ("[Appellant's] claims, which can only be described as 'fanciful,' 'fantastic,' and 'delusional,' are dismissed as frivolous"), *appeal dismissed*, No. 13-2745 (2d Cir. Oct. 7, 2013); *Papadopoulos* v. *Obama*, No. 13 Civ. 810 (DLI) (RLM), Dkt. #11, at 11 (E.D.N.Y. Apr. 16, 2013), *appeal dismissed*, No. 13-2144 (2d Cir. Sept. 4, 2013); *Papadopoulos* v. *Clerk of Court for the S. Dist. of N.Y.*, No. 13 Civ. 724 (LAP), Dkt. #6, at 1 (denying Appellant's application for leave to file because the proposed complaint had "no merit") (S.D.N.Y. Mar. 26, 2013), *appeal dismissed*, No. 13-1214 (2d Cir. July 29, 2013) ("Appellant is hereby warned that the continued filing of duplicative, vexatious, or

they were barred by *res judicata.* (No. 13-01506, Dkt. #37). The Bankruptcy Court, then, properly concluded that Appellant's factual allegations were frivolous, and that the complaint failed to state a claim upon which relief may be granted. For this reason, Appellant's recitation of these same factual allegations fails to establish that those very allegations are not frivolous. (Dkt. #12).

Lastly, Appellant questions why the bankruptcy proceeding was assigned to Judge Grossman. (Dkt. #12 at 5-6). Papadopoulos contends that Judge Grossman is "the most predictable Judge the FBI could find," and cites to five actions in which Judge Grossman was allegedly "pro-creditor." (*Id.*). Again, Appellant has failed to allege any actual facts that could call into question Judge Grossman's impartiality, and the Court is aware of none. In sum, the Court has conducted a *de novo* review of the record and finds that the

---

clearly meritless appeals, motions, mandamus petitions, or other papers, will result in the imposition of sanctions, which may include a leave-to-file sanction requiring Appellant to obtain permission from this Court prior to filing any further submissions in this Court."); *Papadopoulos* v. *Obama*, No. 12 Civ. 8736 (LAP), Dkt. #4, at 1 (S.D.N.Y. Dec. 13, 2012) (dismissing complaint because Appellant had not obtained leave to file), *appeal dismissed*, No. 13-717 (2d Cir. Jul. 29, 2013); *Papadopoulos* v. *Astrue*, No. 10 Civ. 7980 (RWS), 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011) (dismissing for lack of subject matter jurisdiction Appellant's attempt to include *Bivens*, FTCA, and RICO claims in his social security appeal); *Papadopoulos* v. *United States*, No. 08 Civ. 11256 (RMB) (RLE), 2010 WL 3155037, at *3 (S.D.N.Y. Aug. 9, 2010) (dismissing complaint that included "conclusory and 'fantastic claims'"); *Papadopoulos* v. *Mineeva*, No. 10 Civ. 4882 (LAP), Dkt. #3 (S.D.N.Y. Jun. 23, 2010) (dismissing claims as "duplicative" and "frivolous", and noting that any future filings may result in additional sanctions, including monetary penalties), *appeal dismissed*, No. 11-1171 (2d Cir. Sept. 22, 2011); *Papadopoulos* v. *Fanjul*, No. 10 Civ. 4579 (LAP), Dkt. #2 (S.D.N.Y. Jun. 11, 2010) (same), *appeal dismissed*, No. 10-3210 (2d Cir. Jan. 4, 2011); *Papadopoulos* v. *Fed. Bureau of Investigation*, No. 10 Civ. 4574 (LAP), Dkt. #5, at 2 (S.D.N.Y. June 11, 2010) (dismissing claims as "duplicative"), *appeal dismissed*, No. 10-3217 (2d Cir. Jan. 4, 2010); *Papadopoulos* v. *Tenet Good Samaritan Inc.*, No. 08 Civ. 989, 2008 WL 4452345, at *1 (S.D.N.Y. Oct. 1, 2008) (dismissing complaint based on lack of personal jurisdiction).

Bankruptcy Court's dismissal of the Complaint was legally correct and amply supported by the record; Appellant's arguments to the contrary are simply unavailing.

## CONCLUSION

Accordingly, the judgment of the Bankruptcy Court is affirmed in all respects, and the appeal is dismissed. Appellant is further warned that failure to abide by the District's filing ban could result in the imposition of monetary sanctions against him. The Clerk of Court is directed to mark the case as closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45.

SO ORDERED.

Dated: August 12, 2014
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*
Gregory Papadopoulos
25-20 30th Road
Apt. 5H
Queens, New York 11102