```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 22, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                     :
    GREGORY PAPADOPOULOS,                            :
                                                     :
                          Appellant,                 :    14 Civ. 3713 (KPF)
                                                     :
            v.                                       :    OPINION AND ORDER
                                                     :
    IAN GAZES, *et al.*,                             :
                                                     :
                          Appellees.                 :
                                                     :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

  By Opinion and Order dated August 12, 2014, the Court dismissed Appellant's appeal. *See Papadopoulos* v. *Gazes*, No. 14 Civ. 3713 (KPF), 2014 WL 3928940 (S.D.N.Y. Aug. 12, 2014). By submission dated August 19, 2014, Appellant has moved for reconsideration of that decision pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. For the reasons set forth below, the motion is denied.

  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70

F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made to "reflexively [] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Appellant's motion for reconsideration is not based upon any controlling decisions the Court overlooked, nor any intervening change of law. Instead, it is based upon precisely the same frivolous, fanciful, and unsupported allegations that Appellant has raised time and time again before this Court and within this Circuit. On this basis, the application for reconsideration is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status

is denied for purposes of an appeal. *See Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated: August 22, 2014
      New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

    Gregory Papadopoulos
    25-20 30th Road
    Apt. 5H
    Astoria
    New York, NY 11102